**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cassius Clayton Whitehead,<br><br>    Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Defendants. | No. CV-17-00257-TUC-RCC<br><br>**ORDER** |

Pending before the Court is Plaintiff Cassius C. Whitehead's Motion to Compel Discovery of ADC/Corizon Medical Records and Production of Documents. (Doc. 103.) Defendants Corizon Health Inc., Richard Pratt, and Charles L. Ryan (collectively "Medical Defendants") filed a Response (Doc. 109), and Plaintiff a Reply (Doc. 112). The Court will grant the motion in part and deny in part.

**I.   PLAINTIFF'S MOTION TO COMPEL**

Plaintiff wishes to obtain his medical records to develop his § 1983 claim and respond to the pending Motion for Summary Judgment ("MSJ"). (Doc. 103 at 2-3.) Plaintiff asks the Court to issue an order (1) requiring that Medical Defendants provide all medical records from November 2016 to present, (2) directing Medical Defendants to file a notice informing the Court when the documents have been distributed, (3) stay the time to respond to the MSJ until after the resolution of the discovery matter, and (4) determine that Plaintiff does not need to pay for the copies because of the money he has already spent copying documents for this motion. (*Id*. at 5.) However, in his Reply, Plaintiff modifies the

1 documents he seeks, and states that if Medical Defendants simply provide "a complete copy of the exhibits appended to Defendants' Separate Statement of Facts this matter can proceed." (Doc. 112 at 1.)

**II. MEDICAL DEFENDANTS' RESPONSE**

*a. Timeliness of Motion to Compel*

In response, Medical Defendants assert that Plaintiff's Motion to Compel is untimely because that it was filed after the MSJ (May 2, 2019) and the close of discovery (February 4, 2019). (MSJ, Doc. 109; Discovery Order, Doc. 86 at 9.) Medical Defendants claim that they submitted their responses to Plaintiff's Second Request for Production on December 28, 2018. (Doc. 109 at 2 (citing Doc. 103-2 at 22).) Furthermore, Plaintiff's alleged conferral with defense counsel occurred in January to February of 2019; therefore, Plaintiff had ample time to raise this dispute and failed to do so until May 31, 2019. (Doc. 109 at 3.)

The Court will permit the filing because if Plaintiff's claim that he cannot respond to the MSJ without these records is taken at face value, he may not have been aware of the significance of the documents until such motion was filed. Plaintiff filed the Motion to Compel soon after receiving the MSJ. Moreover, the Court did not set a deadline for raising discovery disputes.

*b. Compliance with Local Rule 37.1*

Medical Defendants also argue the Motion to Compel fails to list the specific disputed discovery responses and what action Plaintiff desires. (Doc. 109 at 3.) However, it is clear enough from the Reply clearly states that Plaintiff merely desires the exhibits attached to the MSJ's Statement of Facts. This is sufficiently clear to comply with the Local Rule. These timeliness and compliance determinations, however, do not resolve the breadth of discovery.

///
///
///

### c. Objections to Request for Productions

#### i. All Medical Records

Next, Medical Defendants claim that the relief Plaintiff seeks – all medical records from November 2016 to present – is far broader than permissible given both his allegations in the First Amended Complaint ("FAC") and the requests for production. (Doc. 109 at 3.) The FAC alleges that he suffered eye, sinus, throat, stomach, skin, and emotional problems after being exposed to hazardous chemicals when working on a hazmat crew. (Doc. 26 at 12-13.) Similarly, the Second Request for Production asks only for medical records pertaining to his eye, nose, and throat symptoms and mental health records regarding such symptoms. (Doc. 103-2 at 18 ¶1, 19 ¶ 6.)

The Court agrees with Medical Defendants, discovery of all medical records since November 2016 is overly broad given the allegations and discovery requests. However, Plaintiff's reply limits the information needed to only the exhibits related to the MSJ. Medical Defendants contend that Plaintiff has already been given the attachments to the Statement of Facts in support of Medical Defendants' MSJ. (*See* Doc. 109 at 4.) But because it appears that Plaintiff has not received the exhibits, the Court will order Medical Defendants to resend them. This will resolve the issue of discovery of any and all medical records.

#### ii. Production Compliance

Medical Defendants state that an order of compliance is unnecessary because they plan on filing a notice with the Court after producing the mental health and medical records pertaining to respiratory, skin, and visual complaints. (Doc. 109 at 4-5.) Despite Medical Defendants' claims of redundancy, the Court will direct them to file a notice with the Court upon compliance with this Order.

Finally, Plaintiff makes a general statement that he believes Medical Defendants have withheld documents. The Court may limit discovery when the information can be gleaned from a "a source that is more convenient, less burdensome, or less expensive" or

when the individual requesting the discovery "has had ample opportunity to obtain [the] information." Fed.R.Civ.P 26(b)(1)(C)(i)-(ii). As demonstrated through Plaintiff's own exhibits, he has access to his records. He claims he cannot make copies because it is financially prohibitive, but he is permitted to take notes when viewing his records. (*See* Doc. 103-2 at 8.) While he had an opportunity to point out which documents he could not obtain, Plaintiff has not indicated any specific record he has not been given. The Court will not entertain such broad allegations and reward them with further disclosure.

### III. COSTS OF COPIES

Plaintiff wants this Court to consider his costs to litigate his Motion to Compel as payment to provide all of his medical records. Civil litigants are not afforded a right to copies. *See In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) (statute on in forma pauperis proceedings "does not give a litigant a right to have documents copied and returned to him at the government's expense"). Furthermore, the Court finds that Medical Defendants objections were not frivolous, and in any matter, much of the medical records were already provided to him through the MSJ. Because the Court instructs Medical Defendants to provide the remaining limited, relevant disclosure directly to Plaintiff, it will not grant Plaintiff's proposed relief.

Accordingly, **IT IS ORDERED**:

1. Plaintiff's **Motion to Compel** is **GRANTED IN PART** and **DENIED IN PART**. (Doc. 103.)
2. Plaintiff's request for **all medical records** from November 2016 to present and **mental health records** is **DENIED**.
3. Plaintiff's request for **exhibits connected to Medical Defendants' Motion for Summary Judgment** is **GRANTED**. Within fourteen (14) days of the date of this Order, Medical Defendants shall mail a copy of the exhibits directly to Plaintiff.
4. Plaintiff's **request to consider his costs** to litigate the discovery dispute as payment for his medical records is **DENIED**.
5. Defendants shall file a **Notice with the Court** within **seven (7) days of service** of

the exhibits.

6. Plaintiff shall file a **Response to the Motion for Summary Judgment** within **thirty (30) days of Medical Defendants' Notice of Service of Discovery**.

Dated this 9th day of July, 2019.

_____
Honorable Raner C. Collins
Senior United States District Judge